GAO QIAN CHEN, Petitioner,

v.

Alberto GONZALES, Attorney General, Board of Immigration Appeals, Respondents.

No. 06–4521–ag.

United States Court of Appeals, Second Circuit.

July 10, 2007.

Henry Zhang, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Gregory C. Melucci, Assistant United States Attorney, Pittsburgh, PA, for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Gao Qian Chen, a citizen of the People's Republic of China, seeks review of an August 31, 2006 order of the BIA affirming the June 28, 2005 decision of Immigration Judge ("IJ") George T. Chew denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gao Qian Chen,* No. A96 401 149 (BIA Aug. 31, 2006), *aff'g* No. A96 401 149 (Immig. Ct. N.Y. City June 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review agency findings of fact under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In his petition to this Court, Chen does not argue that he was subject to past persecution on the basis of his political opinion. Instead, he asserts that he has a

well-founded fear of persecution based on his opposition to the family planning policy. Citing to the BIA's decision in *Matter of S–L–L–,* 24 I & N Dec. 1 (BIA 2006), Chen specifically argues that, because he actively concealed a violator relative (hereafter described as his "cousin" or "aunt") and assisted in her escape, his actions fell within the "other resistance" clause of the statute.

Pursuant to the statutory definition of "refugee," a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for "other resistance to a coercive population control program," shall be deemed to have been persecuted on account of political opinion. 8 U.S.C. § 1101(a)(42)(B). The BIA further states that "[i]n the context of coercive family planning, the term 'resistance' covers a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law." *Matter of S–L–L–,* 24 I. & N. Dec. 1, 10 (BIA 2006).

Chen argues that his attempt to interfere with the enforcement of the government policy when he actively concealed his female "cousin" qualifies him for the "other resistance" clause of § 1101(a)(42). Although the IJ did not consider whether Chen's actions of aiding his "aunt" from family-planning officials constituted "other resistance to a coercive population control program," the BIA concluded that "the record fail[ed] to indicate that [Chen] had a direct involvement in hiding his mother's cousin that would bring him within the interest of the family planning officials." In reaching this conclusion, however, the BIA failed to address Chen's claim that officials told his mother they were aware of his involvement in hiding his "aunt" from family planning officials and that they would "not let [him] off." This statement, if credible, directly contradicts the BIA's conclusion that there was nothing in the record proving that the family planning officials were aware of Chen's activities. In the absence of some explanation as to why Chen's claim was insufficient to establish a well-founded fear of persecution, especially since a credibility determination was not made, this Court is unable to conduct a meaningful review of the IJ's determination that Chen failed to meet his burden of proof. *See Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir.2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful."). Because the IJ denied withholding of removal on the same basis, this claim is also remanded for further consideration.

With respect to Chen's claim of past persecution on the basis of his involvement with Falun Gong, the IJ's determination that Chen failed to allege any facts that would rise to the level of persecution is based on substantial evidence in the record. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive").

■ Chen also failed to show that he has a well-founded fear of persecution. Although not addressed by the IJ, the BIA, citing to the 2004 State Department Profile, determined that Chen did not have a well-founded fear of persecution because

he was never arrested and there was no evidence that he was ever a leader or teacher of Falun Gong. Furthermore, Chen admitted practicing in private and that the government was unaware of his involvement. Accordingly, the BIA reasonably determined that Chen failed to establish a well-founded fear of persecution upon his involvement with Falun Gong.

Because the IJ correctly determined that Chen failed to meet his burden in establishing eligibility for asylum on this basis, denial of withholding of removal, which requires a higher burden of proof, was also proper. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 333 (2d Cir.2006).

Finally, Chen has failed to meaningfully challenge the denial of his CAT claim to this Court, it is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 8 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. The BIA's order is hereby VACATED in part and the case REMANDED for further proceedings consistent with this order. Having completed our review the pending motion for a stay of removal in this petition is DISMISSED as moot.