SUMMARY ORDER

Gao Qian Chen, a citizen of the People’s Republic of China, seeks review of a March 21, 2008 order of the BIA affirming the June 28, 2005 decision of Immigration Judge (“IJ”) George T. Chew denying Chen’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Gao Qian Chen, No. A96 401 149 (BIA Mar. 21, 2008), aff'g No. A96 401 149 (Immig. Ct. N.Y. City June 28, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the IJ’s decision and supplements it, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The sole issue on review is whether the agency properly determined that Chen failed to show a well-founded fear of future persecution on account of his resistance to China’s coercive family planning policies.[2] We find no error in its decision. In arguing that he will be subject to persecution if *31 he returns to China, Chen primarily relies on a statement to his mother made by family planning officials that they would not “let him off’ for helping a relative evade the coercive family planning policy. However, the record does not indicate (and Chen does not argue) that the authorities would punish Chen more severely than his mother, where they both appear to have expressed their resistance to the coercive family planning policy in a similar manner and at a similar time and place. Although Chen’s mother was detained two days and fined as a result of her resistance, she was not otherwise mistreated or suffered anything more than “‘the mere annoyance and distress’ of harassment.” Beskovic v. Gonzales, 467 F.3d 223, 226 (2d Cir.2006) (quoting Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 342 (2d Cir.2006)). Moreover, the record shows that, if anything, Chen’s participation in helping his relative evade the family planning officials was not as significant as his mother’s, thereby rendering any potential consequences stemming from that conduct “speculative at best.” See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). Thus, the BIA properly found that Chen did not demonstrate a well-founded fear of future persecution. See Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005) (persecution is “extreme” conduct, beyond mere harassment).
Because the agency correctly determined that Chen failed to meet his burden in establishing eligibility for asylum, its denial of withholding of removal, which requires a higher burden of proof, was also proper. See Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. In a prior decision, we remanded this case to the agency to further address Chen's well-founded fear of future persecution claim based on his opposition to the coercive family planning policy, having found that we were unable to conduct a meaningful review of the agency's denial of that claim because the agency "failed to address Chen’s claim that officials told his mother that they were aware of his involvement in hiding his 'aunt' from family planning officials and that they would 'not let [him] off.’ " See Gao Qian Chen v. Gonzales, 238 Fed.Appx. 671, 673 (2d Cir.2007). In that same decision, however, we found that the agency's denial of Chen’s application for relief based on his illegal departure and Falun Gong practice was supported by substantial evidence, and that Chen had waived any challenge to the denial of his CAT relief. Id. at 673-74. Chen has not challenged that prior decision. Thus, we address only Chen's family planning policy claim. See Rezzonico v. H & R Block, Inc., 182 F.3d 144, 149 (2d Cir.1999) (a court will not "reconsider its own prior rulings ... absent 'cogent' or 'compelling' reasons”) (citation omitted).